UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | x | |
| | : | |
| In re | : | Chapter 11 |
| | : | |
| **LEON GOLOMB A/K/A LEIB GOLOMB,** | : | Case No. 07-41382 (ESS) |
| | : | |
| Debtor. | : | |
| | x | |

**PLAN OF REORGANIZATION
OF LEON GOLOMB A/K/A LEIB GOLOMB**

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.
Attorneys for the Debtor
1345 Avenue of the Americas
New York, New York 10105-0143
(212) 603-6300

Of Counsel:    A. Mitchell Greene, Esq.

Dated: New York, New York
        October 16, 2007

**LEON GOLOMB A/K/A LEIB GOLOMB,** (the "Debtor") hereby proposes the following plan of reorganization (the "Plan") for the Debtor's chapter 11 case pursuant to Sections 1121(a), 1122 and 1123 of title 11 of the United States Code.

## ARTICLE I

## DEFINITIONS

Unless the context otherwise requires (i) the terms set forth in this Article 1 shall have the following meanings when used in this Plan; (ii) any capitalized term that is used in this Plan and not defined in this Article 1 but that is defined in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning set forth therein; (iii) terms stated in the singular shall include the plural and vice versa; (iv) pronouns stated in the masculine, feminine or neuter gender shall include the masculine, the feminine and the neuter; (v) all section, article and exhibit references in the Plan without reference to a particular document are to the respective section of, article of, or exhibit to the Plan; (vi) any reference to a contract, instrument, release or other agreement or document being in a particular form or on particular terms and conditions, means that such document shall be substantially in such form or substantially on such terms and conditions except as otherwise stated in the Plan; (vii) any reference to an existing document or exhibit filed or to be filed means such document or exhibit, as it may have been or may be amended, modified or supplemented; (viii) the words "herein", "hereof", "hereto" or "hereunder" and other words of similar import refer to the Plan in its entirety rather than to only a particular portion of the Plan; (ix) the rules of construction set forth in Section 102 of the

{00356347.DOC;1}

Bankruptcy Code shall govern construction of the Plan; and (x) any reference contained herein to the Bankruptcy Code, or to any section of the Bankruptcy Code, refers to the Bankruptcy Code, or such section of the Bankruptcy Code, as it is existing and effective on the Petition Date, except to the extent, if any, that any post-Petition Date amendment to the Bankruptcy Code applies retroactively to cases filed on the Petition Date.

1.1.    **"Administrative Bar Date"** means the first Business Day that is at least 30 days after the Effective Date.

1.2.    **"Administrative Claim"** means a Claim for, or request for payment of, an Administrative Expense (i) as to which no objection to the allowance thereof has been interposed within the applicable period of limitation fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Court, or (ii) as to which any objection has been resolved by a Final Order to the extent such objection has been resolved in favor of the holder of such Claim, and (iii) which is not an Insured Claim.

1.3.    **"Administrative Expense"** means any cost or expense of administration of this Case, other than Bankruptcy Fees, allowable under Sections 503(b), 330 or 331 of the Bankruptcy Code.

1.4.    **"Allowed Claim"** means a Claim against the Debtor that (a) has not been disallowed pursuant to a Final Order and is not a Disputed Claim and (i) with respect to which a Proof of Claim has been timely filed with the clerk of the Bankruptcy Court or, (ii) if no Proof of Claim has been filed, that has been or hereafter is listed by the Debtor in its Schedules as liquidated in amount and not disputed or contingent.

1.5.    **"Bankruptcy Code"** means title 11 of the United States Code, as amended from time to time and effective as to cases filed on the Petition Date.

1.6.    **"Bankruptcy Court"** means the United States Bankruptcy Court for the Eastern District of New York or the United States District Court for the Eastern District of New York to the extent it withdraws the reference over all or any portion of this Case pursuant to Section 157(d) of title 28 of the United States Code.

1.7.    **"Bankruptcy Fees"** mean all fees and charges assessed against the Estate under Section 1930 of title 28 of the United States Code.

1.8.    **"Bankruptcy Rules"** mean (i) the Federal Rules of Bankruptcy Procedure, and (ii) the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of New York, in either case, as now in effect or hereinafter amended.

1.9.    **"Bar Date"** means a date fixed by Order of the Bankruptcy Court, subsequent to which a Proof of Claim may not be timely filed.

1.10.   **"Business Day"** means any day other than a Saturday, Sunday, or other day on which commercial banks in New York, New York are authorized or required by law to close, or other Legal Holiday.

1.11.   **"Case"** means this case under chapter 11 of the Bankruptcy Code commenced by the Debtor in the Bankruptcy Court on the Petition Date and styled: In re Leon Golomb a/k/a Leib Golomb, Case No. 07-41382 (ESS)

1.12.   **"Cash"** means lawful currency of the United States of America.

{00356347.DOC;1}

4

1.13. "**Claim**" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(b)    a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

1.14. **"Closing Date"** means the date of the closing of the sale of the Throop Avenue Property.

1.15. **"Class"** means a category of substantially similar Allowed Claims or Allowed Interests.

1.16. **"Committee"** means any Committee appointed in this case pursuant to Section 1102 of the Bankruptcy Code.

1.17. **"Confirmation"** means the entry of the Confirmation Order.

1.18. **"Confirmation Date"** means the date on which the Confirmation Order is entered by the Bankruptcy Court, provided that (i) the Confirmation Order becomes a Final Order and (ii) the Confirmation Order is not stayed by an Order of a court of competent jurisdiction.

1.19. **"Confirmation Order"** means an Order confirming the Plan pursuant to Section 1129 of the Bankruptcy Code.

1.20. **"Creditor"** means a holder of an Allowed Claim.

1.21.   **"Cure Amount"** means any amount required, pursuant to Sections 365(b)(1)(A) and 365(b)(1)(B) of the Bankruptcy Code, to cure any defaults or compensate the non-debtor party to an executory contract or unexpired lease for any actual pecuniary loss resulting from a default in respect of an executory contract or unexpired lease.

1.22.   **"Debtor"** means Leon Golomb.

1.23.   **"Disbursing Agent"** means Debtor's counsel, Robinson Brog Leinwand Greene Genovese & Gluck P.C.

1.24.   **"Disclosure Statement"** means the Disclosure Statement for Plan of Reorganization for Leon Golomb, including all exhibits, attachments or amendments thereto, approved by Order of the Bankruptcy Court.

1.25.   **"Disputed Claim"** means (a) any claim that is listed in the Schedules as disputed, contingent or unliquidated and with respect to which no Proof of Claim has been filed; (b) any Claim that has not been disallowed and with respect to which an objection to the allowance thereof, in whole or in part, has been interposed within the applicable period of limitation fixed by the Plan, the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court, to the extent that any such objection has not been resolved by a Final Order; provided however, that until the earlier of (i) the filing of an objection to a Proof of Claim or (ii) the last date to file objections to Claims as established by the Plan or by Final Order, a Claim shall be deemed to be a Disputed Claim in its entirety if, (A) the amount specified in the Proof of Claim exceeds the amount of any corresponding Claim listed in the Schedules; (B) any corresponding Claim listed in the Schedules has been scheduled as disputed, contingent or unliquidated; or (C) no corresponding Claim has been listed in the Schedules.

{00356347.DOC;1}

1.26.  **"Disputed Claim Reserve"** means the segregated account or accounts established by the Disbursing Agent pursuant to Section 8.7 of the Plan.

1.27.  **"Effective Date"** means the first Business Day at least thirty (30) days after the Closing Date of the sale of the Throop Avenue Property or such earlier date as may be designated by the Debtor.

1.28.  **"Estate"** means the estate created on the Petition Date pursuant to Section 541 of the Bankruptcy Code.

1.29.  **"Final Order"** means a judgment, order, ruling or other decree issued and entered by the Bankruptcy Court or by any state or other federal court or other tribunal located in one of the states, territories or possessions of the United States or the District of Columbia, that has not been stayed or that is no longer subject to appeal, certiorari proceeding or other proceeding for review or rehearing, and as to which no appeal, certiorari proceeding, or other proceeding for review or rehearing shall then be pending.

1.30.  **"Governmental Unit"** means the United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.

1.31.  **"Insider"** means an insider of the Debtor as determined in accordance with Section 101(31) of the Bankruptcy Code.

1.32.  **"Insider Claim"** means an Allowed Claim held by or behalf of an Insider or any successor in interest or assignee thereof.

1.33.   **"JER"** means JER Revenue Services.

1.34.   **"JER Secured Claims"** means the Secured Claims against the Debtor or property of the Debtor or his Estate held by JER on account of their purchase of New York City tax liens on the Throop Avenue Property, including interests cost, attorney's fees and additional charges.

1.35.   **"Legal Holiday"** means a Legal Holiday as that term is defined in Bankruptcy Rule 9006(a).

1.36.   **"Lien"** means lien as defined in Section 101(37) of the Bankruptcy Code.

1.37.   **"Order"** means an order of the Bankruptcy Court.

1.38.   **"Newco"** means the proposed purchaser of the Throop Avenue Property.

1.39.   **"Petition Date"** means March 21, 2007, the date on which the Debtor commenced his Case by the filing of his voluntary petition for relief under chapter 11 of the Bankruptcy Code.

1.40.   **"Plan"** means this Plan of Reorganization for Leon Golomb a/k/a Leib Golomb, as it may be amended, supplemented or modified from time to time, including any exhibits or schedules annexed hereto or required to be filed with the Bankruptcy Court pursuant hereto.

1.41.   **"Post-Petition Tax Claim"** means an Allowed Claim of a Governmental Unit for taxes (or for interest or penalties related to such taxes) for any tax year or period, all or any portion of which occurs or falls within the period from and including the Petition Date through and including the Effective Date.

1.42.  **"Priority Claim"** means that portion of a claim other than a Priority Tax Claim, an Administrative Claim, a Secured Claim or Bankruptcy Fees, to the extent entitled to priority under Section 507 of the Bankruptcy Code.

1.43.  **"Priority Tax Claim"** means an Allowed Claim of a Governmental Unit of the kind specified in Section 507(a)(8) of the Bankruptcy Code.

1.44.  **"Professional"** means all professionals employed by the Debtor under Section 327 of the Bankruptcy Code.

1.45.  **"Professionals' Fees"** means compensation for services rendered, and reimbursement of expenses incurred by Professionals as awarded by Final Order following application in accordance with Sections 330 and 331 of the Bankruptcy Code.

1.46.  **"Proof of Administrative Claim"** means a request for payment of an Administrative Expense (including fees and expenses allowed under Sections 330 or 331 of the Bankruptcy Code of duly retained professionals providing services in this Case) filed pursuant to Section 503 of the Bankruptcy Code.

1.47.  **"Proof of Claim"** means a proof of Claim filed pursuant to Section 501 of the Bankruptcy Code and Part III of the Bankruptcy Rules.

1.48.  **"Pro Rata"** means the proportion an Allowed Claim or an Allowed Interest in a particular Class bears to the aggregate amount of all Allowed Claims or Allowed Interests in such Class.

1.49.  **"Purchaser"** means the purchaser of the Throop Avenue Property.

1.50.  **"Released Entities"** means the Debtor.

1.51.  **"Reorganized Debtor"** means the Debtor on and after the Effective Date.

1.52.  **"Sale Proceeds"** means the proceeds received by Debtor on account of the sale of the Throop Avenue Property, as approved by the Bankruptcy Court, which sale shall be in accordance with Section 363 of the Bankruptcy Code and which sale shall be free and clear of all liens, claims and encumbrances, with any liens attaching to the proceeds.

1.53.  **"Schedules"** mean the schedules of assets and liabilities and statement of financial affairs filed by the Debtor with the Bankruptcy Court in accordance with Section 521(1) of the Bankruptcy Code and Rule 1007 of the Bankruptcy Rules and any amendments thereto.

1.54.  **"Secured Claim"** means an Allowed Claim, including all amounts, if any, allowed pursuant to Section 506(b) of the Bankruptcy Code, to the extent that it is secured by a lien on property in which the Estate has an interest or that is subject to set-off under Section 553 of the Bankruptcy Code, to the extent of the value of the Claim holder's interest in the Estate's interest in such property or to the extent of the amount subject to set-off, as applicable, as determined pursuant to Section 506(a) of the Bankruptcy Code.

1.55.  **"Secured Tax Claim"** means a Secured Claim for taxes or assessments held by a Governmental Unit, to the extent, if any, that such taxes and assessments are entitled to a security interest under applicable non-bankruptcy law, and shall not include any non-tax claims held by the Town of Harrison.

1.56.  **"Throop Avenue Property"** means the real property and improvements thereon located at 335-343 Throop Avenue, Brooklyn, New York.

1.57.   **"Transfer Taxes"** means, without limitation, (i) New York County or other applicable local Real Property Transfer Taxes, (ii) New York State Mortgage Recording Taxes imposed under Article 11 of the New York State Tax Law, and (iii) and any and all other stamp taxes or similar taxes which, but for the applicability of Section 1146 (c) of the Bankruptcy Code would be applicable, to any transfer made in accordance with, pursuant to, or in furtherance of the Plan.

1.58.   **"Unsecured Claim"** means an Allowed Claim, including a deficiency claim, which is not an Administrative Claim, a Bankruptcy Fee, an Insider Claim, an Insured Claim, a Priority Claim, a Priority Tax Claim, a Secured Claim or a Secured Tax Claim.

1.59.   **"Unsecured Creditors' Fund"** means the fund of $25,000 to be established on the Effective Date by the proposed purchaser of the Throop Avenue Property to be distributed pro-rata to the holders of Class 4 Unsecured Claims.

# ARTICLE II

## TREATMENT OF UNCLASSIFIED CLAIMS

2.1.   Pursuant to Section 1123(a)(1) of the Bankruptcy Code, the Plan does not classify Administrative Claims or Allowed Priority Tax Claims.  Such Claims, to the extent Allowed Claims, shall receive the treatment provided in this Article 2 in full satisfaction, release and discharge thereof.

2.2.   **Administrative Bar Date.**  Except as otherwise provided in Sections 2.2, and 2.3 of the Plan, requests for payment of and/or Proofs of Administrative Claims must be filed no later than the Administrative Bar Date.  Holders of Administrative Claims that do not

{00225540.DOC;6}

file Proofs of Administrative Claims on or before the Administrative Bar Date, shall be forever barred from asserting such Claims against the Reorganized Debtor or its property; provided, however, that Holders of Claims for Administrative Expenses arising in the ordinary course of the Debtor's business need not file Administrative Claims.

      2.3.    **Professionals' Compensation and Reimbursement.**  All Professionals shall file final applications for approval of compensation and reimbursement of reasonable and necessary expenses pursuant to Section 330 of the Bankruptcy Code no later than the Administrative Bar Date.  Any such application timely filed shall be deemed to be a Proof of Administrative Claim.  No later than three days prior to the Effective Date, each such Professional shall provide the Disbursing Agent with an estimate of the total amount of compensation and expenses for which such Professional expects to seek final compensation pursuant to Section 330 of the Bankruptcy Code.  Such estimates shall include estimated sums for the preparation and prosecution of any such application.  Unless otherwise agreed by such claim holder in writing, on the Effective Date the Disbursing Agent shall segregate sufficient cash from the Plan Fund to pay all such estimated compensation and expenses in full. Objections to any Professional's application for compensation or reimbursement must be filed and served upon such Professional, and the Disbursing Agent, no later than 90 days after the Effective Date.  Any such objection not timely filed and served shall be deemed to have been waived.

      2.4.    **Post-Petition Tax Claims.**  All Proofs of Administrative Claims for Post-Petition Tax Claims for which no bar date has otherwise previously been established, must be filed on or before the later of (i) 60 days following the Effective Date; and (ii) 120 days

following the filing of the tax return for such taxes for such tax year or period with the applicable

Governmental Unit. Any holder of any Post-Petition Tax Claim that does not file a Proof of

Administrative Claim by the applicable bar date shall be forever barred from asserting any such

Post-Petition Tax Claim against the Reorganized Debtor or its property, whether any such Post-

Petition Tax Claim is deemed to arise prior to, on, or subsequent to the Effective Date.

     2.5.  **Administrative Claims.**  Subject to the provisions of Article 8 of the Plan

with respect to Disputed Claims, each Administrative Claim, to the extent not previously paid,

shall be paid by the Disbursing Agent in Cash in full on (i) the later of

the Effective Date, the date payment of such Claim is due under the terms thereof or applicable

law, or three business days after such Claim becomes an Administrative Claim or (ii) as may be

otherwise mutually agreed in writing between the Disbursing Agent and the holder of such

Claim; provided, however, that any Administrative Claim incurred by the Debtor in the ordinary

course of its business shall be paid in full or performed by the Reorganized Debtor in accordance

with the terms and conditions of the particular transaction giving rise to such Administrative

Claim and any agreements relating thereto.

     2.6.  **Priority Tax Claims.**  Subject to the provisions of Article 8 of the Plan

with respect to Disputed Claims, and except as may be otherwise mutually agreed in writing,

each Allowed Claim of Governmental Units entitled to priority pursuant to Section 507(a)(8) of

the Bankruptcy Code, shall be paid in full and receive on account of such Allowed Claim, Cash

in the amount of such Allowed Claim on the Effective Date.

{00225540.DOC;6}

2.7.    **Bankruptcy Fees.**  All fees and charges assessed against the Debtor under Section 1930 of title 28 of the United States Code shall be paid by the Disbursing Agent, in Cash in full as required by statute.

## ARTICLE III

## CLASSIFICATION OF CLAIMS AND INTERESTS

Except as otherwise provided in Article 2, Allowed Claims are classified as set forth in this Article 3.  A Claim is in a particular Class designated herein only to the extent such Claim (i) fits within the description of such Class (and is in such other and different Class or Classes to the extent that the remainder thereof fits within the description of such other Class or Classes) and (ii) has not been paid, released or otherwise satisfied prior to the Effective Date.

3.1.    **Class 1 - Priority Claims.**  Class 1 consists of all Priority Claims.

3.2.    **Class 2  - New York City Water Board Claim.**  Class 2 consists of the Secured Claim of the New York City Water Board.

3.3.    **Class 3 – JER Revenue Services Claims.**  Class 3 consists of the Secured Claims of JER Revenue Services.

3.4.    **Class 4 - Unsecured Claims.**  Class 4 consists of all Unsecured Claims.

## ARTICLE IV

## TREATMENT OF UNIMPAIRED CLAIMS

Allowed Claims in Classes 1 and 2 are not impaired and shall receive the following treatment under the Plan in full settlement, release and discharge thereof.

4.1.    **Class 1 - Priority Claims.**  Subject to the provisions of Article 8 of the Plan with respect to Disputed Claims, in full satisfaction, release and discharge of the Priority Claims, the holders of Priority Claims shall receive the following treatment:  on the Effective Date, or as soon as practicable after such Claims become Allowed Claims, each holder of a Priority Claim shall receive payment from the Disbursing Agent (i) in Cash, in the full amount of its Priority Claim, or (ii) as may be otherwise agreed in writing between the Debtor and the holder of such Claim.

4.2.    **Class 2 –New York City Water Board Claim.**  Subject to the provisions of Article 8 of the Plan with respect to Disputed Claims, on the Effective Date, in full satisfaction, release and discharge of the New York City Water Board Claim, the New York City Water Board shall receive a payment of one (100%) percent of the amount of its Allowed Secured Claim.

## ARTICLE V

## TREATMENT OF IMPAIRED CLAIMS

Allowed Claims in Classes 3 and 4 are impaired and shall receive the following treatment under the Plan in full settlement, release and discharge thereof.

5.1.    **Class 3 - JER Revenue Services Secured Claims.**  Subject to the provisions of Article 8 of the Plan with respect to Disputed Claims, in full satisfaction, release and discharge of the JER Revenue Services Secured Claims, JER shall receive $1,830,000 on the Effective Date.

5.2.    **Class 4 - Unsecured Claims.**  Subject to the provisions of Article 8 of the Plan with respect to Disputed Claims, in full satisfaction, release and discharge of all Allowed

{00225540.DOC;6}

15

Unsecured Claims, on the Effective Date, each holder of an Allowed Unsecured Claim shall receive payment in cash equal to its pro-rata share of the Unsecured Creditors' Fund consisting of $25,000 to be established on the Effective Date.

## ARTICLE VI

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.1.    **Assumption and Assignments of Executory Contracts and Unexpired Leases.**  Except as otherwise provided, in Section 6.2 of the Plan, on the Effective Date, all Executory Contracts and Unexpired Leases shall be deemed assumed.

6.2.    **Rejection of Executory Contracts and Unexpired Leases.**  On the Effective Date, all Executory Contracts and Unexpired Leases to which the Debtor is a party, and which are set forth on a Schedule to be filed with the Bankruptcy Court prior to the Confirmation Date, shall be deemed rejected in accordance with Section 365 of the Bankruptcy Code.

6.3.    **Assumption Cure Payments.**  Cure payments under any Unexpired Lease or Executory Contract to be assumed pursuant to Section 6.1 of the Plan shall be treated as follows:

(a)    **Payment of Cure Amount**.  Any monetary defaults under each Executory Contract and Unexpired Lease to be assumed under the Plan shall be satisfied, pursuant to Section 365(b)(1) of the Bankruptcy Code by payment of the Cure Amount in Cash on the Effective Date as soon as practicable following the Effective Date or as may otherwise be

{00356347.DOC;1}

agreed to in writing by the Debtor and the other parties to such Executory Contract or Unexpired Lease.

             (b)      **Disputes Regarding Assumption**. With respect to each Executory Contract and Unexpired Lease to be assumed by the Debtor pursuant to Section 6.1 of the Plan, in the event a dispute is pending regarding (i) the amount of the Cure Amount, (ii) adequate assurance of future performance, or (iii) any other matter pertaining to assumption of such Executory Contract or Unexpired Lease, then no payments shall be made to cure any default under such Executory Contract and Unexpired Lease until the entry of a Final Order resolving such dispute and authorizing assumption of such Executory Contract and Unexpired Lease; *provided, however,* that at any time pending the resolution of any such dispute in a manner satisfactory to the Debtor, the Debtor may file with the Bankruptcy Court and serve a notice upon the non-Debtor party to such dispute rejecting such Executory Contract and Unexpired Lease, in which event (x) such Executory Contract or Unexpired Lease shall be deemed to have been rejected under the Plan as of the Effective Date, and (y) any Claim arising from such rejection shall be treated as an Unsecured Claim arising immediately before the Petition Date.

             6.4.      **Bar to Assumption Claims.** A Proof of Claim or request for payment of an Administrative Expense with respect to any Claim arising from, or in connection with, the assumption of an Executory Contract or Unexpired Lease (including, but not limited to, any Cure Amount arising under Section 365(b)(1) of the Bankruptcy Code) shall not be timely filed unless it is filed with the Bankruptcy Court and served so that it is received by the Debtor within 30 days after the earlier of (i) the date of entry of a Final Order approving such assumption, or (ii) the Confirmation Date. Any such Proof of Claim or request for payment of an Administrative

{00225540.DOC;6}

Expense not timely filed and served shall be forever barred from assertion and may not be

enforced against the Debtor or its successors or their respective properties, and shall be, in all

respects subject to the provisions of Article 9 hereof.

6.5.    **Rejection Claims.**  Allowed Claims arising from the rejection of Executory

Contracts and Unexpired Leases of the Debtor pursuant to Section 6.2 of the Plan shall be

treated as Unsecured Claims.

6.6.    **Bar to Rejection Claims.**  A Proof of Claim with respect to any Unsecured

Claim for damages arising from the rejection of an Executory Contract or Unexpired Lease

pursuant to Section 6.2 of the Plan shall not be timely filed unless it is filed with the Bankruptcy

Court and served so that it is received by the Debtor within 30 days after the later of (i) the date

of entry of a Final Order approving such rejection (unless such Final Order expressly provides a

Bar Date with respect to such Claim, in which event no Proof of Claim with respect to such

Claim shall be deemed timely unless it is filed with the Bankruptcy Court and served in the

manner provided in such Final Order), or (ii) the Confirmation Date.  Any such Claim not timely

filed and served shall be forever barred from assertion and may not be enforced against the

Debtor, or its successors or their respective properties.

## ARTICLE VII

## IMPLEMENTATION OF THE PLAN

7.1.    **Implementation.**  The Debtor and the Disbursing Agent shall take all

necessary steps, and perform all necessary acts, to consummate the terms and conditions of the

Plan.  The Confirmation Order shall contain appropriate provisions, consistent with Section 1142

of the Bankruptcy Code, directing the Debtor and any other necessary party to execute or deliver

{00356347.DOC;1}

or to join in the execution or delivery of any instrument required to effect a transfer of property required by the Plan and to perform any act, including the satisfaction of any Lien, that is necessary for the consummation of the Plan.

7.2.    **Revesting of Assets.**  (a) Except as otherwise provided in the Plan, on the Effective Date all of the assets and properties of the Estate shall vest in Newco free and clear of all Liens, Claims and encumbrances and any and all Liens, Claims and encumbrances that have not been expressly preserved under the Plan shall be deemed extinguished as of such date.

7.3.    **Funding.**  Except as set forth elsewhere in the Plan, all payments required to be made under the Plan shall be made by the Purchaser and/or the Disbursing Agent in accordance with the terms of the Plan.  Except as set forth elsewhere in the Plan, all distributions to be made on the Effective Date shall be funded from either (a) the cash assets of the Debtor existing on the Effective Date; (b) the Sale Proceeds, and (c) such other assets as may be identified by the Debtor prior to Confirmation.  On the Effective Date the Debtor and/or the Purchaser shall deliver to the Disbursing Agent and the Disbursing Agent shall segregate sufficient cash to pay or reserve for all payments that are to be made by the Debtor pursuant to the terms of the Plan.

7.4.    **Transfer Taxes.**  (a)  Pursuant to Section 1146 of the Bankruptcy Code, the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer in connection with or in furtherance of the Plan shall be exempt and shall not be subject to tax under any law imposing a stamp tax, real estate Transfer Tax, mortgage recording tax or similar tax, and, to the extent provided by Section 1146 of the Bankruptcy Code, if any, shall not be subject to any state, local or federal law imposing sales tax.

{00225540.DOC;6}

(b)     Pursuant to Section 1142(b) of the Bankruptcy Code, the
Confirmation Order shall direct the Register's Office to record any recordable document
executed in connection with the consummation of the Plan, without the payment of Transfer
Taxes.  The Office of the Register of the County of New York and any applicable Register's
Office in the State of New York or its municipalities and counties shall record any recordable
document executed in connection therewith without the payment of any Transfer Taxes.

        7.5.    **Execution of Documents.**  (a) On the Effective Date, the Debtor and any
necessary party thereto, shall execute, release, and deliver all documents reasonably necessary to
consummate the transactions contemplated by the terms and conditions of the Plan.

(b)     Except as otherwise provided in the Plan, all assets transferred (i)
by the Debtor or (ii) by any non-debtor third party in accordance with the terms of the Plan shall
be, as of the Effective Date, deemed to be free and clear of all Liens, Claims and encumbrances
and any and all Liens, Claims and encumbrances that have not been expressly preserved under
the Plan shall be deemed extinguished as of such date.

(c)     Pursuant to Sections 105, 1141(c) and 1142(b) of the Bankruptcy
Code, the Debtor and the Disbursing Agent shall be authorized to execute, in the name of any
necessary party, any estoppel certificate, or any notice of satisfaction, release or discharge of any
Lien, Claim or encumbrance (including any Lien, claim or encumbrance that is to be released
and satisfied upon Debtor's compliance with the provisions of Article 5 of the Plan) not
expressly preserved in the Plan and deliver such notices to any and all federal, state and local
governmental agencies or departments for filing and recordation, and the Confirmation Order
shall expressly so provide.

{00356347.DOC;1}

7.6.    **Filing of Documents.**  Pursuant to Sections 105, 1141(c) and 1142(b) of the Bankruptcy Code, each and every federal, state and local governmental agency or department, shall be directed to accept and record any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transactions contemplated by the Plan, and any and all notices of satisfaction, release or discharge or assignment of any Lien, Claim or encumbrance not expressly preserved by the Plan.

7.7.    **Preservation of Rights of Action.**  Except as otherwise provided in the Plan or in any contract, instrument, release or other agreement entered into in connection with the Plan, the Debtor shall retain, and on the Effective Date shall be deemed to have assigned to the Reorganized Debtor or its designee, who may, in accordance with its determination of the best interest of the estate, enforce any claims, rights and causes of action arising under Sections 510 and 544 through 550 of the Bankruptcy Code or any similar provisions of state law, or any statute or legal theory.

## ARTICLE VIII

## PROVISIONS GOVERNING DISTRIBUTIONS

8.1.    **Disbursing Agent.**  The Disbursing Agent shall be Debtor's counsel and shall distribute all Cash or other property to be distributed under the Plan.  The Disbursing Agent may employ or contract with other entities to assist in or perform the distribution of the property to be distributed. The Disbursing Agent shall serve with a bond in an amount to be agreed upon by the Debtor and the United States Trustee or as shall be authorized by the Bankruptcy Court. The Disbursing Agent shall be entitled to compensation for services rendered under the Plan at

{00225540.DOC;6}

its usual and customary fee and reimbursement of all expenses incurred in the performance of its

duties.  Pending the final distribution of all sums distributable under the terms of the Plan

(including the delivery to the Debtor of unclaimed distribution, pursuant to this Article 8 of the

Plan), the Disbursing Agent shall be deemed to be an officer of the Debtor with full authority to

sign checks on any bank account of the Debtor to the extent necessary to make any payment or

distribution contemplated by the Plan.

   8.2. **Timing of Distributions Under the Plan.**  Subject to Section 8.6 of the

Plan, any payments, distributions or other performance to be made pursuant to the Plan on

account of any Claim shall be deemed to be timely made if made on or within five Business

Days following the later of (i) the Effective Date or (ii) the expiration of any applicable objection

deadline with respect to such Claim or (iii) such other times provided in the Plan.

   8.3. **Method of Payment.**  Unless otherwise expressly agreed, in writing, all

Cash payments to be made pursuant to the Plan shall be made by check drawn on a domestic

bank.

   8.4. **Objection Deadline.**  Unless otherwise ordered by the Bankruptcy Court,

any party in interest may object to the allowance of any Claim filed with the Bankruptcy Court

in whole or in part by serving and filing an objection to such Claim no later than the

Confirmation Date; provided, however, that the Debtor or the Disbursing Agent may file and

serve any objection to any Claim at any time, but in no event after the later to occur of (i) 90

days after the Effective Date or (ii) 90 days after the date Proof of such Claim or a request for

payment of such claim is filed.

8.5.    **Prosecution of Objections.**  After the Confirmation Date, only the Debtor and the Disbursing Agent shall have authority to file, settle, compromise, withdraw or litigate to judgment objections to Disputed Claims.  The Debtor and the Disbursing Agent shall have the right to litigate to judgment, settle or withdraw any objection to any Claim.

8.6.    **No Distribution Pending Allowance.**  Notwithstanding any other provision of the Plan, no payment or distribution of Cash or other property shall be made with respect to any portion of a Disputed Claim unless and until all objections to such Claim are resolved by Final Order.

8.7.    **Escrow of Cash Distributions.**  (a)  Unless otherwise agreed to in writing by the Debtor and the holder of any Claim (other than an Unsecured Claim or an Insider Claim) to which this Section 8.7 (a) applies, on the Effective Date the Disbursing Agent shall deposit in one or more segregated accounts, Cash or property equal to 100% of the Cash or property to be distributed under the Plan on account of Disputed Claims (other than an Unsecured Claim or an Insider Claim) that would be Allowed Claims but for the pendency of a dispute with respect thereto, including, but not limited to (i) such Disputed Claims entitled to treatment as Administrative Expenses or as Priority Claims pursuant to Sections 503 and 507 of the Bankruptcy Code, (ii) Claims of Governmental Units for any tax, (iii) any disputed cure amount and (iv) any amount due but not payable on the Effective Date on account of Administrative Expenses or Claims entitled to priority pursuant to Section 503 and 507 of the Bankruptcy Code.  The Disbursing Agent shall also segregate any interest, dividends or proceeds of such Cash.  Such Cash together with any interest, dividends or proceeds thereof, shall be held in trust for the

benefit of the holders of all such Disputed Claims pending determination of their entitlement thereto.

(b)    In determining the amount of the Cash or property to be distributed under the Plan on account of Disputed Claims, the calculation of the distribution to each holder of an Allowed Claim in such class shall be made as if all Disputed Claims in the applicable class were Allowed Claims in their respective face amounts.

(c)    The Disbursing Agent shall have the right to seek an Order of the Bankruptcy Court, after notice and a hearing, estimating or limiting the amount of Cash or property that must be so deposited.  Any Creditor whose Claim is so estimated or limited shall have no recourse to any assets theretofore distributed on account of any Allowed Claim, or any other Entity or property if the Allowed Claim of the Creditor (whose Claim was so estimated or limited) as determined by Final Order exceeds the amount so deposited.  Instead, such Creditor shall have recourse only to the undistributed assets in the Disputed Claims reserve (on a Pro Rata basis with other Creditors of the same Class who are similarly situated) that exceed the aggregate amount of all Disputed Claims allowed by Final Order.

8.8.    **Distribution After Allowance.**  Within 30 days after the allowance of a Disputed Claim, in the event any distributions have been made as of the date such Claim becomes an Allowed Claim, the Disbursing Agent shall distribute from the funds placed in escrow in accordance with Section 8.7 of this Plan all Cash or other property, including any interest, dividends or proceeds thereof, to which a holder is then entitled with respect to any Disputed Claim that has become an Allowed Claim.

8.9. **Investment of Segregated Cash and Property.** To the extent practicable, the Disbursing Agent may invest any Cash or other property segregated on account of a Disputed Claim, Disputed Interest, undeliverable distribution, or any proceeds thereof (i) in a manner that will yield a reasonable net return taking into account the safety of the investment or (ii) in any manner permitted by Section 345 of the Bankruptcy Code; provided, however, that the Disbursing Agent shall be under no obligation to so invest such Cash or proceeds and shall have no liability to any party for any investment made or any omission to invest such Cash, other property or proceeds.

8.10. **Distribution After Disallowance.** Subject to Section 8.7(c) of the Plan, the Cash and other property segregated on account of Disputed Claims, including the allocable portion of the net return yielded from any investment thereof remaining after all Disputed Claims have been resolved by Final Order shall be returned to the Debtor.

8.11. **Surrender of Instruments; Execution of Satisfactions and Releases.**

(a)      Notwithstanding any other provision of the Plan, no Creditor of Interest Holder, that holds a note or other instrument evidencing such Creditor's Claim of Interest may receive any distribution with respect to such Claim or Interest unless and until the original note or other original instrument evidencing such Claim or Interest shall have been validly surrendered to the Disbursing Agent at the sole cost and expense of such Creditor of Interest Holder.

(b)      Any Cash or property to be distributed pursuant to the Plan on account of any such Claim shall, pending surrender, be treated as an undeliverable distribution pursuant to section 8.13 of the Plan.

(c)      In the event any Creditor of Interest Holder is unable to surrender a Note or other instrument evidencing a Claim against the Debtor that has been destroyed, lost or stolen, such Entity may receive a distribution with respect to such Claim by presenting to the Disbursing Agent, in a form acceptable to the Disbursing Agent:  (i) proof of such Entity's title to such Claim; (ii) an affidavit to the effect that the same has been lost and after diligent search cannot be located; and (iii) such indemnification as may be required by the Disbursing Agent and all other Entities deemed appropriate by the Disbursing Agent from any loss, action, suit or any claim whatsoever which may be made as a result of such Entity's receipt of a distribution under the Plan.

(d)      All questions as to the validity, form or eligibility of any Note or other instrument evidencing a Claim so surrendered shall be resolved by Final Order of the Bankruptcy Court.  Neither the Debtor nor the Disbursing Agent shall be under any duty to give notification of defects in such tender or shall incur liability for failure to give notification of such defects.

8.12.  **Delivery of Distributions.**  Except as provided in Sections 8.12 and 8.13 of the Plan, distributions to holders of Allowed Claims shall be made: (1) at the addresses set forth on the respective Proofs of Claim filed by such holders; (2) at the addresses set forth in any written notices of address changes delivered to the Disbursing Agent after the date of any related Proof of Claim; or (3) at the address reflected in the Schedules if no Proof of Claim is filed and the Disbursing Agent has not received a written notice of a change of address.

8.13.  **Undeliverable Distributions.**  (a)  If the distribution to the holder of any Claim is returned to the Disbursing Agent as undeliverable, no further distribution shall be made

to such holder unless and until the Disbursing Agent is notified in writing of such holder's then current address.  Undeliverable distributions shall remain in the possession of the Disbursing Agent until the earlier of (i) such time as a distribution becomes deliverable or (ii) such undeliverable distribution becomes an unclaimed distribution pursuant to Section 8.13 of the Plan.

(b)    Until such time as an undeliverable distribution becomes an unclaimed distribution pursuant to Section 8.13 of the Plan, semi-annually, following the Effective Date, the Disbursing Agent shall make distributions of all Cash and property that has become deliverable during the preceding six-month period.  Each such distribution shall include the net return yielded from the investment of any undeliverable Cash, from the date such distribution would have been due had it then been deliverable to the date that such distribution becomes deliverable.

(c)    Nothing contained in the Plan shall require the Debtor or the Disbursing Agent to attempt to locate any holder of an Allowed Claim.

8.14.  **Unclaimed Distributions.**  Any Cash or other property to be distributed under the Plan shall be retained by the Disbursing Agent if it is not claimed by the Entity entitled thereto before the later of (i) one year after the Effective Date or (ii) 60 days after an Order allowing the Claim of that Entity becomes a Final Order and such entity's claim shall be deemed to be reduced to zero.

8.15.  **Set-offs.**  The Disbursing Agent may, but shall not be required to set-off against the distributions to be made pursuant to the Plan, the claims, obligations, rights, causes of action and liabilities of any nature that the Debtor may hold against the holder of an Allowed

{00225540.DOC;6}

Claim, provided, however, that neither the failure to effect such a set-off nor the allowance of any claim hereunder shall constitute a waiver or release by the Debtor or the Disbursing Agent of any such claims, obligations, rights, causes of action and liabilities that the Debtor or the Disbursing Agent has or may have against such holder.

## ARTICLE IX

## DISCHARGE AND RELEASES

9.1.    **Discharge.**  (a)Except as otherwise provided in the Plan, on the Effective Date, and notwithstanding any provision of the Bankruptcy Code to the contrary, the Debtor shall be deemed to be discharged pursuant to section 1141 of the Bankruptcy Code from all Claims against the Debtor that arose prior to the Effective Date and from any liability of a kind specified in sections 502(g), 502(h) or 502(I) of the Bankruptcy Code whether (i) a Proof of Claim has been filed or deemed to have been filed with respect to such Claim, (ii) such Claim is allowed or disallowed, or (iii) the holder of such Claim has accepted the Plan.

(b)     Except as otherwise provided in the Plan, all Entities shall be precluded and enjoined from asserting against the Debtor, and its respective successors, assets or properties, or against any property that is distributed, or is to be distributed under the Plan, any other or further Claim or Interest based upon any acts or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date.

(c)     Except as otherwise provided under the Plan or a Final Order of the Bankruptcy Court, any judgment at any time obtained, to the extent that such judgment is a determination of the liability of the Debtor with respect to any debt discharged pursuant to the

Plan and section 1141(d)(1) of the Bankruptcy Code, shall be null and void and of no force and

effect, regardless of whether a Proof of Claim therefor was filed or deemed filed and, except as

otherwise provided in the Plan, all Creditors holding Claims against the Debtor, Debtor shall be

precluded from asserting against the Debtor, and any of its assets or properties, or any property

distributed under the Plan, any other or further Claims based upon any act or omission,

transaction or other activity of any kind or nature that occurred prior to the Effective Date, and

the entry of the Confirmation Order shall permanently enjoin all Creditors, their successors and

assigns, from enforcing or seeking to enforce any such Claims.

      9.2.    **Injunction.  Except (i) as otherwise provided in the Plan, (ii) as otherwise provided under Final Order entered by the Bankruptcy Court or (iii) with respect to the Debtor's obligations under the Plan, the entry of the Confirmation Order shall forever stay, restrain and permanently enjoin (i) the commencement or continuation of any action, the employment of process, or any act to collect, enforce, attach, recover or offset from the Debtor or from property of the Debtor, (ii) the creation, perfection or enforcement of any lien or encumbrance against any property of the Debtor or any property distributed under the Plan, or (iii) any Claim discharged under the Confirmation Order, the Plan or pursuant to Section 1141(d)(1) of the Bankruptcy Code.**

      9.3.    **Limitation of Liability.  Neither the Debtor, nor any professional person employed by him, shall have or incur any liability to any entity for any action taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination, Confirmation or consummation of the Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created or entered into, or**

{00225540.DOC;6}

**any other action taken or omitted to be taken in connection with the Case or the Plan, except in the case of gross negligence, willful misconduct, breach of fiduciary duties or self-dealing.**

       9.4.    **Released Entities**. Upon the Effective Date and except as otherwise provided herein, in consideration of the Cash and other property to be distributed to or on behalf of the holders of Claims under the Plan, the Plan shall be deemed to resolve all disputes and constitute a settlement and release, between and among the Debtor and his Creditors and effective as of the Effective Date, by the Debtor, on his own behalf and on behalf of his Creditors, and by each Creditor from any claim or liability, whether legal, equitable, contractual, secured, unsecured, liquidated, unliquidated, disputed, undisputed, matured, unmatured, fixed or contingent, known or unknown, that the Debtor or his Creditors ever had, now have or hereafter may have (including, without limitation, any claims the Debtor may assert on its own behalf or on behalf of Creditors pursuant to Sections 510 and 542 through 553 of the Bankruptcy Code, any claims Creditors may have asserted derivatively on behalf of the Debtor absent bankruptcy, any claims based on the conduct of the Debtor prior to the Confirmation Date or any claims based on the negotiation, submission and confirmation of the Plan) provided however,  that nothing in this Section 9.4 shall effect a release in favor of any Person with respect to any debt owed to the United States Government, any state, city or municipality arising under (a) the Internal Revenue Code or any state, city or municipal tax code, (b) the environmental laws  of the United States or any state, city or municipality or (c) any criminal laws of the United States, any state, city or municipality.

{00356347.DOC;1}

9.5.    **Plan and Confirmation Order as Release**.  Except as otherwise provided in the Plan, from and after the Effective Date, a copy of the Confirmation Order and the Plan shall constitute and may be submitted as a complete defense to any claim or liability released pursuant to this Article 8 of the Plan.

# ARTICLE X

## MISCELLANEOUS PROVISIONS

10.1.    **Orders in Aid of Consummation.**  Pursuant to Sections 105, 1141, 1142 and 1143 of the Bankruptcy Code, the Bankruptcy Court may enter one or more Orders in aid of Confirmation directing the implementation of matters or actions required by the Plan.

10.2.    **Compliance with Tax Requirements.**  In connection with the Plan, the Debtor and, where applicable the Disbursing Agent, shall comply with all withholding and reporting requirements imposed by federal, state and local taxing authorities and distributions under the Plan shall be subject to applicable withholding and reporting requirements; providing, however, that the transfer of any Cash, property or other interest hereunder shall not be subject to any federal, state or local tax to the fullest extent provided under Section 1146 of the Bankruptcy Code.

10.3.    **Due Authorization by Creditors.**  Each and every Creditor who elects to participate in the distributions provided for under the Plan warrants that it is the lawful owner of such Claim and is authorized to accept the distributions provided for in the Plan and that there are no outstanding Liens, encumbrances, commitments, agreements, or understandings, express

{00225540.DOC;6}

31

or implied, that may or can in any way defeat or modify the rights released, conveyed or modified by the Plan, or obligations undertaken by such Creditor under the Plan.

      10.4.  **Amendments.**  The Plan may be altered, amended or modified by the Debtor, in writing, signed by the Debtor at any time before the substantial consummation of the Plan, as provided in Sections 1101(a) and 1127 of the Bankruptcy Code and Bankruptcy Rule 3019.

      10.5.  **Revocation.**  The Debtor may revoke or withdraw the Plan at any time prior to entry of the Confirmation Order.  If the Plan is revoked or withdrawn or if no Confirmation Order is entered, the Plan shall be null and void, and nothing contained in the Plan shall (i) constitute a waiver or release of any Claims by or against the Debtor; or (ii) prejudice in any manner the rights of the Debtor in any further proceedings involving the Debtor or his Estate.

      10.6.  **Request for Relief Under Section 1129(b).**  If the Plan is accepted by one or more, but not all impaired Classes of Creditors, the Debtor may request confirmation under Section 1129(b) of the Bankruptcy Code, subject to any modification of the Plan made pursuant to Section 1127 of the Bankruptcy Code, Bankruptcy Rule 3019.

      10.7.  **Filing of Additional Documents.**  Except as otherwise provided in the Plan, on or before the Effective Date, the Debtor may file with the Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan.

      10.8.  **Section Headings.**  The section headings contained in the Plan are for reference purposes only and shall not affect in any way the meaning or interpretation of the Plan.

{00356347.DOC;1}

10.9.    **Computation of Time.**  In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

10.10.    **Successors and Assigns.**  The rights, benefits and obligations of any entity named or referred to in the Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such entity.

10.11.    **Notices.**  All notices and other communications to be given or made hereunder shall be in writing and shall be deemed to have been given or made when mailed or as otherwise set forth herein:

(a)    if to the Debtor at 1518 59th Street, Brooklyn, New York 11219, with a copy to Robinson Brog Leinwand Greene Genovese & Gluck, P.C., 1345 Avenue of the Americas, New York, New York 10105, Attn: A. Mitchell Greene, Esq.;

(b)    if to any Creditor at (i) the addresses set forth on the applicable Proofs of Claim filed by such holder; (ii) the addresses set forth in any written notices of address changes delivered to the Disbursing Agent after the date of any related Proof of Claim, or (iii) the address reflected in the Schedules if no Proof of Claim is filed and the Disbursing Agent has not received a written notice of a change of address; and

(c)    if to any Entity that has filed a notice of appearance, at the address set forth on such notice of appearance.

10.12.    **Governing Law.**  Except to the extent that the Bankruptcy Code or Bankruptcy Rules or other Federal law are applicable, and subject to the provisions of any contract, instrument, release or other agreement or document entered into in connection with the Plan, the rights and obligations arising under the Plan shall be governed by, and construed and

{00225540.DOC;6}

33

enforced in accordance with the laws of the State of New York without giving effect to the principles of conflict of laws thereof.

10.13.   **Other Actions.**  Nothing contained herein shall prevent the Debtor or creditors from taking such actions as may be reasonably necessary to consummate the Plan, although such actions may not specifically be provided for within the Plan.

10.14.   **Severability.**  In the event any provision of the Plan is determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any or all other provisions of the Plan.

10.15.   **Business Day.**  In the event that the Plan requires an act to be performed on a day that is not a Business Day, such act shall be performed on the first Business Day thereafter.

## ARTICLE XI

## RETENTION OF JURISDICTION

11.1.   **Retention of Jurisdiction.**  Notwithstanding the entry of the Confirmation Order or the occurrence of the Effective Date, until the case is closed, the Bankruptcy Court shall retain and have original, but not exclusive, jurisdiction to:

(a)      Insure that the Plan is consummated, and to enter an Order pursuant to Section 1142(b) of the Bankruptcy Code, to compel the Debtor and any other necessary party to take such action and execute such documents to effectuate the Plan;

(b)      Allow, disallow, determine, liquidate, classify or establish the priority, secured or unsecured status of any Claim, including, without limitation, the resolution

{00356347.DOC;1}

of any request for payment of any Administrative Expense and the resolution of any and all

objections to the allowance or priority of Claims;

(c)     Grant or deny any and all applications for allowance of

compensation or reimbursement of expenses authorized pursuant to the Bankruptcy Code or the

Plan, for any period ending on or before the Effective Date;

(d)     Resolve any motions pending on the Effective Date to assume,

assume and assign, or reject any Executory Contract or Unexpired Lease to which the Debtor is a

party or with respect to which the Debtor may be liable and to hear, determine and, if necessary,

liquidate, any and all Claims arising therefrom;

(e)     Ensure that distributions to holders of Allowed Claims are

accomplished pursuant to the provisions of this Plan;

(f)     Decide or otherwise resolve any and all applications, motions,

adversary proceedings, contested or litigated matters, and any other matters or grant or deny any

applications involving the Debtor that may be pending on the Effective Date;

(g)     Enter such Orders as may be necessary or appropriate to

implement or consummate the provisions of the Plan and all contracts, instruments, releases and

other agreements or documents created in connection with the Plan or Disclosure Statement or to

enforce all orders, judgments, injunctions, and rulings entered in connection with the Case;

(h)     Resolve any and all controversies, suits or issues that may arise in

connection with the consummation, interpretation or enforcement of the Plan or any Entity's

obligations incurred in connection with the Plan;

(i)     Modify the Plan before or after the Effective Date pursuant to Section 1127 of the Bankruptcy Code, and modify the Disclosure Statement or any contract, instrument, release or other agreement or document created in connection with the Plan or Disclosure Statement;

(j)     Cure any defect or omission or reconcile any inconsistency in any Order, the Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created in connection with the Plan, to the extent authorized herein or in the Bankruptcy Code;

(k)     Issue injunctions, enter and implement other Orders or take such other actions as may be necessary or appropriate to restrain interference by any Entity with consummation or enforcement of the Plan;

(l)     Enter and implement such Orders as are necessary or appropriate if the Confirmation Order is for any reason modified, stayed, reversed, revoked or vacated;

(m)     Determine any dispute arising under or related to the Plan, including, without limitation, any dispute concerning the scope or effect of any release or discharge provided for by the Plan or the Confirmation Order;

(n)     Enter and implement such orders as are necessary or appropriate to implement or consummate the proposed sale of the Throop Avenue Property.

(o)     Determine any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release or other agreement or document created in connection with the Plan or Disclosure Statement; and

{00356347.DOC;1}

36

(p)    Enter an Order or Final Decree concluding the Case.

11.2.  **Post-Closing Jurisdiction**.  Notwithstanding the entry of a final decree or an Order closing the case, the Bankruptcy Court shall retain jurisdiction to reopen the case for the purpose of enforcing, by injunction or otherwise, the term of the Plan, the Confirmation Order and any Final Decree, including, without limitation, the enforcement of any rights of the Debtor.

# ARTICLE XII

# CLOSING THE CASE

12.1.  **Substantial Consummation**.  Until the occurrence of the Effective Date and Substantial Consummation of the Plan, the Debtor, his property and his creditors shall be subject to further orders of the Bankruptcy Court.

12.2.  **Closing the Case**.  Upon the Substantial Consummation of the Plan, the Debtor shall expeditiously move for the entry of a Final Decree closing the Case and such other relief as may be just and appropriate.

**DATED:**      New York, New York
                October 16, 2007


                            _____
                                Leon Golomb


                            **ROBINSON BROG LEINWAND GREENE
                            GENOVESE & GLUCK P.C.**
                            **Attorneys for the Debtor**
                            1345 Avenue of the Americas
                            New York, NY 10105
                            (212) 603-6300


                            By:    _____
                            **A. Mitchell Greene (AMG-5900)**