```
UNITED STATES BANKRUPTCY COURT      Hearing Date: 3/4/07
EASTERN DISTRICT OF NEW YORK        At 2:00 p.m.
--------------------------------X
In re

      LEON GOLOMB a/k/a             Case No. 07-41382 (ESS)
      LEIB GOLOMB,                  Chapter 11
                  Debtor.

---------------------------------X
```

**AMENDED OBJECTION OF THE NYCTL 1998-2 TRUST, NYCTL 1999-1 TRUST, NYCTL 2004-A TRUST, NYCTL 2005-A TRUST, AND NYCTL 2006-A TRUST TO THE DEBTOR'S DISCLOSURE STATEMENT**

The NYCTL 1998-2 Trust, NYCTL 1999-1 Trust, NYCTL 2004-A Trust, NYCTL 2005-A Trust, and NYCTL 2006-A Trust (collectively, the "Tax Lien Creditors"), by their attorneys, Ochs & Goldberg, LLP, hereby object to the adequacy of the proposed Disclosure Statement ("Disclosure Statement") for the Chapter 11 Plan of Reorganization (the "Plan") of LEON GOLOMB a/k/a LEIB GOLOMB (the "Debtor"), dated October 16, 2007, as follows:

1.   Section 1125(a) of the Bankruptcy Code requires that a disclosure statement adequately describe information essential to the ability of creditors to make informed decisions regarding their treatment under the Plan and whether it is in their best interests to vote in favor of the plan. A disclosure statement lacking information sufficient to enable creditors to make an informed decision regarding the merits of a plan cannot be approved. Here, it is respectfully submitted that the Debtor's Disclosure Statement fails to meet the criteria set forth in 11 U.S.C. §1125(a).

2.   The Debtor owns the real property (the "Real Property") located at 335-343 Throop Avenue, Brooklyn, New York.

3.   As of March 1, 2008, the Tax Lien Creditors held tax liens on the Real Property in the following amounts:

        NYCTL 1998-2 Trust: $1,791,438.26
        NYCTL 1999-1 Trust: $　158,365.40
        NYCTL 2004-A Trust: $　254,078.94
        NYCLT 2005-A Trust: $　120,485.27
        NYCLT 2006-A Trust: $　 35,740.36

        **TOTAL:**      **$2,360,108.23**

4.   The claims of the Tax Lien Creditors will continue to accrue interest at the rate of nine (9%) percent per annum where a judgment has been against the Debtor and at the statutorily proscribed rate of eighteen (18%) percent per annum, compounded daily, plus accrued and unpaid legal fees where a judgment has not been obtained.

5.   The Disclosure Statement provides that the Debtor intends to reduce the Tax Lien Creditors' claims to the value of the Real Property. The Disclosure Statement sets forth that the Debtor believes that the property is worth $1,830,000.00, however, the Debtor has not attached a copy of the appraisal on which the Debtor predicates his position.

6.   The Disclosure Statement fails to set forth the date of the alleged valuation of the Real Property.

7.   The Disclosure Statement fails to provide creditors, including the Tax Lien Creditors, with any information regarding the Debtor's attempts to reduce the Tax Lien Creditors' claims pursuant to Section 502(b)(3) of the Bankruptcy Code. The Debtor has failed to set forth when it will commence such a proceeding, the approximate length of such a proceeding, and what steps it will take in connection with this case in the event that it is

unsuccessful in its efforts to reduce the Tax Lien Creditors' claims.

8. The Disclosure does not set forth the identity of the proposed purchaser of the Real Property, the purchaser's principals, or their connection to the Debtor. Likewise, the Debtor does not provide creditors with a copy of the alleged Contract of Sale or its salient terms.

9. The Debtor has provided no information regarding the marketing efforts made with respect to the Real Property so that creditors can be assured that the Debtor's estate is indeed realizing the true value thereof.

10. Further, the Disclosure Statements does not set forth whether the Debtor will offer the property for sale to parties other than the Debtor's proposed purchaser, or whether such sale will be subject to higher or better offers. Likewise, the Debtor does not address whether the Tax Lien Creditors will be permitted to credit bid their lien claims in connection with the proposed sale of the Real Property.

11. The Disclosure Statement provides that there are environmental problems on the Real Property. However, the Disclosure Statement fails to provide creditors with any environmental reports to substantiate those claims.

12. The Disclosure Statement fails to contain adequate information regarding the funding of the plan of reorganization, and what interest, if any, the Debtor will retain in the Real Property after the confirmation of the Plan.

13. The Disclosure Statement fails to explain what consideration, if any, or benefit the Debtor will receive from the sale of the Real Property.

14. The Disclosure Statement fails to set forth how the Debtor will obtain a consenting impaired class of creditors as the Tax Lien Creditors will likely vote the allegedly unsecured portion of their claims against confirmation of the Debtor's Plan and, therefore, the Debtor will not be able to muster sufficient votes to confirm his Plan. In that regard, it should be noted that under the scenario proposed by the Debtor, the Tax Lien Creditors will control well more than fifty (50%) percent of the general unsecured creditor claims.

15. The Debtor fails to set forth the authority for utilizing any of the sale proceeds for paying administration claims or distributing any of such funds to general unsecured creditors prior to the satisfaction in full of the secured claims of the Tax Lien Creditors.

16. Clearly, the Debtor has failed to disclose material facts concerning the implementation of the Debtor's proposed plan and the implementation thereof.

[CONTINUED ON NEXT PAGE]

17. By reason of the fact that the Disclosure Statement for the Debtor's Plan of Reorganization fails to provide "adequate information" as mandated in §1125(a) of the Bankruptcy Code, and it is respectfully submitted that the Disclosure Statement should not be approved.

Dated:  New York, New York
        February 26, 2008

>                         NYCTL 1998-2 TRUST,
>                         NYCTL 1999-1 TRUST,
>                         NYCTL 2004-A TRUST,
>                         NYCTL 2004-A TRUST, and
>                         NYCTL 2006-A TRUST,
>                         By their attorneys,
>                         OCHS & GOLDBERG, LLP,
>
>
>                         By: /s/ Martin Ochs
>                         Martin P. Ochs (MO-1203)
>                         A Member of the Firm
>                         60 East 42nd Street, Ste. 1545
>                         New York, NY  10165
>                         (212) 983-1221